UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:06CV-00018-EHJ

RUBY B. MEREDITH                                                                                   PLAINTIFF

VS.

JO ANNE B. BARNHART,
Commissioner of Social Security                                                            DEFENDANT

### FINDINGS OF FACT, CONCLUSIONS OF LAW
### AND RECOMMENDATION

#### BACKGROUND

Before the Court is the complaint (DN 1) of Ruby B. Meredith ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 11) and the defendant (DN 12) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 5) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered February 14, 2006 (DN 5), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

#### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on April 1, 2004 (Tr. 50-53). Plaintiff alleged that she became disabled on April 1, 2004, as a result of panic, anxiety, and depression, as well as bowel and kidney dysfunction (Tr. 15, 51, 65-66). Administrative Law Judge Michael Nichols ("ALJ") conducted a hearing on June 28, 2005, in Bowling Green, Kentucky. The

plaintiff was present and represented by attorney Jason McGee. Also present and testifying was Sharon Lane as a vocational expert.

In a decision dated July 16, 2005, the ALJ found from the medical evidence that plaintiff's major depressive disorder, panic disorder, post-traumatic stress disorder ("PTSD"), as well as bowel and bladder problems are severe impairments within the meaning of the regulations (Tr. 17). The ALJ concluded these impairments are not, however, severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1 (Tr. 17).

At the fourth step, the ALJ found not entirely credible plaintiff's statements regarding her impairments and the impact they have on her ability to work because they are not supported by the objective evidence in the record (Tr. 19). The ALJ found that plaintiff has the residual functional capacity to perform a limited range of medium work because she is restricted to low stress, simple work with no interaction with the public and minimal interaction with co-workers and must have reasonably accessible restrooms (Tr. 19). The ALJ relied on the testimony of the vocational expert to find that plaintiff has the residual functional capacity to perform her past relevant work as an office cleaner (Tr. 20). Additionally, based on testimony from the vocational expert, the ALJ found that plaintiff is capable of performing a significant number of jobs that exist in the national economy in light of her residual functional capacity, age, education, and past work experience (Tr. 20). The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7).

CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits

and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fourth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review

of the ALJ's decision (Tr. 5-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" exists if a "reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993) (citing Smith v. Secretary of Health and Human Serv's., 893 F.2d 106, 108 (6th Cir. 1989))). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff challenges several findings that the ALJ made at the fourth step in the sequential evaluation process (DN 11). At the fourth step in the sequential evaluation process, the ALJ made findings regarding the weight assigned to medical source statements in the record[1],

---

[1] 20 C.F.R. § 404.1527(d).

plaintiff's credibility[2], her residual functional capacity[3], the physical and mental demands of her past relevant work, and plaintiff's ability to return to her past relevant work. 20 C.F.R. § 404.1520(e).

The undersigned will first address plaintiff's challenge to the ALJ's findings regarding weight assigned to medical opinions from treating sources (DN 11). In essence, plaintiff argues the ALJ's findings do not comport with applicable law[4] and the error is not harmless[5] (DN 11).

Addressing plaintiff's argument is difficult because she has not identified the treating source and the medical opinion to which she is referring. Her reference to "chronic pain" (DN 11 at Page 12) would seem to indicate she is referring to a medical opinion about the nature and severity of a physical impairment, including limitations or restrictions imposed by the impairment. 20 C.F.R. §§ 404.1513(b)(6), 404.1527(a)(2). However, no treating source rendered such an opinion (Tr. 134-154, 231-239). The only medical opinion addressing limitations or restrictions imposed

---

[2]In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. § 404.1529; Social Security Ruling 96-7p.

[3]The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The residual functional capacity finding is based on a consideration of the medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546.

[4]Plaintiff argues since a treating source's medical opinion is entitled to greater weight, than medical opinions from examining and non-examining sources, the Administrative Law Judge must set forth specific reasons, supported by substantial evidence in the record, when the medical opinion of a treating source is rejected (DN 11). Plaintiff contends the ALJ did not comply with this requirement (DN 11).

[5]Plaintiff contends the ALJ's failure to follow applicable law is "especially egregious in this case, since the claimant suffers from chronic pain" (DN 11 at Page 12).

by plaintiff's physical impairments is from an examining source, Dr. McCants (Tr. 155-160).

The undersigned has also considered the possibility that plaintiff is referring to a medical opinion by a treating source regarding the nature and severity of a mental impairment. The treatment records from LifeSkills, Inc. ("LifeSkills") do set forth Global Assessment of Functioning ("GAF") ratings as high as 63 and as low as 48 (Tr. 207-224, 240-248). Most of those GAF ratings, including the lowest, were assigned by a licensed clinical social worker (Tr. 207-224, 240-248). However, under the regulations a licensed clinical social worker is not qualified to render a medical opinion (Tr. 207-224, 240-248). 20 C.F.R. §§ 404.1513(a) and (d), 404.1527(a)(2). A psychiatrist, Dr. Hamilton, did sign two reports that set forth GAF ratings of 60 and 50 (Tr. 221, 242). Certainly, he is qualified under the regulations to render such medical opinions. 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2).

The administrative decision mentions the GAF ratings in the treatment records from LifeSkills (Tr. 17). However, the administrative decision does not mention that the ALJ discounted all or some of these ratings (Tr. 17-20). Nor does it indicate why all or some of these GAF ratings were discounted (Tr. 17-20). Clearly, the ALJ's decision does not comport with applicable law. 20 C.F.R. § 404.1527(d)(2); Social Security Ruling 96-2p; see also Wilson v. Commissioner, 378 F.3d 541, 545-546 (6th Cir. 2004) (the Administrative Law Judge must provide "good reasons" for discounting the opinion of a treating source). However, the ALJ's errors are harmless because all of these GAF ratings are based on plaintiff's subjective statements (Tr. 207-224, 240-248), not objective testing. 20 C.F.R. § 404.1527(d)(2); Social Security Ruling 96-2p. Further, the lower GAF ratings are inconsistent with other substantial evidence in the record, including the GAF rating of the consultative psychological examiner who relied on objective testing (Tr. 161-166) and the

State agency psychological advisors who considered all of the evidence in the record (Tr. 172-186, 187-201, 202-206). 20 C.F.R. § 404.1527(d)(2); Social Security Ruling 96-2p. In sum, there is no merit to plaintiff's first challenge.

Next, plaintiff challenges the ALJ's credibility assessment (DN 11). Essentially, plaintiff asserts that the ALJ failed to follow the applicable law set forth in Social Security Ruling 96-7p (DN 11). The undersigned agrees that Social Security Ruling 96-7p sets forth the applicable law. However, for the reasons set forth below the undersigned concludes the ALJ's credibility findings are supported by substantial evidence and fully comport with applicable law (Tr. 16-19).

In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. Sections 404.1529, 416.929; Social Security Ruling 96-7p. Unquestionably, the ALJ complied with this requirement (Tr. 16-19). However, "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms." Social Security Ruling 96-7p at page 1.

After determining that objective medical evidence did not confirm plaintiff's subjective statements regarding the severity of her impairments, the ALJ considered other information and factors that may be relevant in assessing her credibility. Duncan v. Secretary of Health and Human Serv's., 801 F.2d 847, 853 (6th Cir. 1986); 20 C.F.R. § 404.1529(c)(3); Social Security Ruling 96-7p at pages 1, 2. For example, the ALJ considered plaintiff's level of daily activity (Tr. 17, 19). 20 C.F.R. § 404.1529(c)(3)(i); Social Security Ruling 96-7p; Bogle v. Sullivan,

7

998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Secretary of Health and Human Serv's., 927 F.2d 228, 231 (6th Cir. 1990). The ALJ also considered the fact that the plaintiff only sporadically sought treatment for the allegedly disabling bowel and bladder problems (Tr. 17, 19). 20 C.F.R. § 404.1529(c)(3)(v); Social Security Ruling 96-7p. Additionally, the ALJ considered the effect of medications prescribed to address her mental impairment, high blood pressure, and diabetes (Tr. 16-19). 20 C.F.R. § 404.1529(c)(3)(iv); Social Security Ruling 96-7p. Finally, it was appropriate for the ALJ to consider his own observations during the administrative hearing[6] as part of his overall evaluation of the credibility of plaintiff's subjective statements. Social Security Ruling 96-7p at page 5 ("In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements.").

        The ALJ concluded that plaintiff's statements concerning her impairments and their impact on her ability to work are not entirely credible (Tr. 19). In the absence of detailed corroborating evidence of the plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of the plaintiff's credibility. Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain and other symptoms depends, of necessity, largely on the credibility of the plaintiff, the conclusion of the ALJ, who has the opportunity to observe the plaintiff's demeanor, "should not be discharged lightly." Houston v. Secretary of Health and Human Serv's., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v.

---

[6]Examples of the ALJ's observations of the plaintiff during the hearing include she was "able to attend the entire hearing without stopping for bowel and bladder problems," "[t]here was no obvious evidence of any significantly limiting mental or emotional problem during the course of the hearing," and she "betrayed no evidence of pain or discomfort while testifying at the hearing" (Tr. 17, 19).

8

Secretary of Health, Educ. and Welfare, 577 F.2d 383 (6th Cir. 1978)).  For the above reasons, the ALJ's findings regarding the plaintiff's credibility are supported by substantial evidence and fully comport with applicable law.

Next, plaintiff disagrees with the ALJ's residual functional capacity findings (DN 11).  Plaintiff argues the ALJ should have found she is not able to perform any work on a sustained basis (DN 11).  Notably, this argument is premised on plaintiff's belief that the ALJ did not follow applicable law when he assigned weight to medical source statements in the record and assessed the credibility of her statements about the degree of limitation imposed by her physical and mental impairments (DN 11).  Since her challenges to these underlying findings by the ALJ are without merit the undersigned concludes plaintiff's challenge to the residual functional capacity findings is also without merit.  Additionally, the undersigned concludes the ALJ's residual functional capacity findings are supported by substantial evidence in the record and fully comport with applicable law.

Finally, plaintiff challenges the ALJ's finding that she is able to perform her past relevant work as an office cleaner (DN 11).  The success of this challenge depends on whether the Court agrees or disagrees with her three previous challenges to findings by the ALJ (DN 11).  Since there is no merit to her three previous challenges, the undersigned concludes this challenge is also without merit.  Additionally, the undersigned finds the ALJ's findings (Tr. 21, Findings 7, 8) are supported by substantial evidence in the record and fully comport with applicable law.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for

9

the Commissioner.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:	Counsel